## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

WAYNE THEREAU,            )
                          )
            Plaintiff,    )
                          )
v.                        )     Case No. CIV-13-038-RAW-KEW
                          )
CAROLYN W. COLVIN, Acting )
Commissioner of Social    )
Security Administration,  )
                          )
            Defendant.    )

### REPORT AND RECOMMENDATION

Plaintiff Wayne Thereau (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on August 16, 1969 and was 42 years old at the time of the ALJ's decision. Claimant obtained a GED. Claimant has worked in the past as a truck washer, building pallets, and as a general laborer on an assembly line. Claimant alleges an inability to work beginning May 31, 2004 due to limitations resulting from diabetes, high blood pressure, high blood sugar, vision problems, high cholesterol, tendonitis, carpal tunnel in the

right wrist, and cardiac problems.

## Procedural History

On February 8, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. On September 27, 2011, an administrative hearing was held before Administrative Law Judge ("ALJ") Osly F. Deramus. On October 26, 2011, the ALJ issued an unfavorable decision on Claimant's applications. The Appeals Council denied review of the ALJ's decision on December 13, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform his past relevant work as a truck washer.

## Error Alleged for Review

Claimant asserts the ALJ committed error in failing to

consider all of his severe impairments at step two.

**Step Two Analysis**

In his decision, the ALJ determined Claimant suffered from the severe impairment of diabetes. (Tr. 13). He also found Claimant retained the RFC to perform his past relevant work as a truck washer after concluding he could perform a full range of medium work. (Tr. 16, 18).

Claimant contends the ALJ failed to consider numerous conditions from which he suffers as constituting severe impairments. At step two, Claimant bears the burden of showing the existence of an impairment or combination of impairments which "significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c). An impairment which warrants disability benefits is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D). The severity determination for an alleged impairment is based on medical evidence alone and "does not include consideration of such factors as age, education, and work experience." Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988).

The burden of showing a severe impairment is "de minimis," yet

the presence of a medical condition alone is not sufficient at step two. Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997); Soc. Sec. R. 85-28. A claimant must demonstrate he has a severe impairment that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(1)(D).

A claimant's testimony alone is insufficient to establish a severe impairment. The requirements clearly provide:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C.A. § 423(d)(5)(A).

The functional limitations must be marked and severe that can be expected to result in death or to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(1)(C)(i); 20

C.F.R. § 416.927(a)(1). Additionally, once a severe impairment is found, the ALJ must proceed through the sequential evaluation. In the subsequent steps, the ALJ must consider the combined effect of both severe and non-severe impairments. Soc. Sec. R. 96-8p.

Claimant first asserts the ALJ should have determined his hemorrhoids as a severe impairment. Since the ALJ found Claimant suffered from a severe impairment, the sole question presented by Claimant's arguments is whether the other conditions from which he suffered limited his ability to engage in basic work activities. The ALJ found Claimant's chronic bleeding hemorrhoids were controlled by medication. (Tr. 18). This finding is supported by the record. (Tr. 355).

Claimant also contends his diabetic neuropathy/paresthesia represents a severe impairment. Claimant has complained of neuropathy or paresthesia in the past but, upon examination, he was found to have good coordination, equal strength in his upper and lower extremities, good safety and stability despite walking with a little bit of a limp to the right side. Claimant did not use any assistive devices. (Tr. 265-66, 357). No noted limitations in the medical record have resulted from this condition.

Claimant asserts that his depression should have been found to be a severe impairment. Claimant has been treated for depression in the past, characterized as "moderate." This condition has been medicated and no limitations upon Claimant's ability to engage in

7

basic work activity has been found. (Tr. 323, 358).

Claimant argues his pulmonary condition represents a severe impairment. He has complained of shortness of breath in the past and dyspnea. Again, this condition has been treated with an inhaler for asthma. (Tr. 37-38).

Claimant also contends he suffers from orthopedic impairments as a result of a fracture of the right femur and right foot congenital deformity. He has been found to limp on the right but, as noted above, he was found to have good stability. No limitations have been attributable to this condition.

Claimant proffers his carpal tunnel syndrome as a severe impairment. After examination, Claimant was found to have good grip strength, good gross and fine manipulation, could effectively oppose his thumb to his fingertips, could manipulate small objects, and effectively grasp. (Tr. 261, 265).

This Court should also note that the ALJ determined that Claimant's subjective complaints and alleged limitations "are not fully persuasive." He found that the medical record supported the RFC to perform medium work. (Tr. 18). Claimant did not challenge the ALJ's credibility determination on appeal.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore,

the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 28th day of February, 2014.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE